LAW OFFICES

# RICHARD M. PESCATORE

*A PROFESSIONAL CORPORATION*
1055 EAST LANDIS AVENUE
VINELAND, NEW JERSEY 08360-4041
(856) 507-1000
FAX: (856) 507-1500

**RICHARD M. PESCATORE**
MEMBER OF NJ BAR - 021841985
CERTIFIED BY THE SUPREME COURT OF THE
STATE OF NEW JERSEY AS A CIVIL TRIAL ATTORNEY
**Email:** rpescatore@pescatorelegal.com

**MARLTON OFFICES**
The Joseph Bucknell House
30 SOUTH MAPLE AVENUE
MARLTON, NEW JERSEY 08053

The William Hammitt House
2 NORTH MAPLE AVENUE
MARLTON, NEW JERSEY 08053

**JENNIFER M. CARLSON**
ASSOCIATE
MEMBER OF NJ AND PA BAR - 012712007
Email: jcarlson@pescatorelegal.com

**ROBERT J. MALLOY**
OF COUNSEL

December 10, 2020

*Via ECF:*

Honorable Renee M. Bumb, U.S.D.J.
Mitchell H. Cohen Building & U.S. Courthouse
4th & Cooper Streets, Room 1050
Camden, New Jersey 08101

Re:    *Lourenzo Witt v. County of Cumberland, et al.*
       *Civil Action No.: 1:20-cv-14678-RMB-KMW*

Dear Judge Bumb:

Consistent with Your Honor's order granting plaintiff leave to file an Amended Complaint, and in compliance with L. R. Civ. P. 15.1(b), attached please Plaintiff's Amended Complaint, as well as a redlined version, attached as Exhibit "A".

Thank you.

Respectfully submitted,

RICHARD M. PESCATORE
RMP/anc
*Enclosures*

Cc:    *Michael A. Barker, Esq. (Via E-Filing, Email, and Regular Mail)*
       *Vanessa E. James, Esq. (Via E-Filing, Email, and Regular Mail)*
       *James R. Birchmeier, Esq. (Via E-Filing, Email, and Regular Mail)*
       *William F. Cook, Esq. (Via E-Filing, Email, and Regular Mail)*
       *Andrew S. Brown, Esq. (Via E-Filing, Email, and Regular Mail)*

Richard M. Pescatore, Esq.
**RICHARD M. PESCATORE, P.C.**
1055 E. Landis Avenue
Vineland, NJ 08360
Telephone: (856) 507-1000
Facsimile: (856) 507-1500
Email: rpescatore@pescatorelegal.com
NJ Attorney ID: 021841985
Attorney for Plaintiff

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| LOURENZO WITT,<br>                    Plaintiff,<br><br>vs.<br><br><br>COUNTY OF CUMBERLAND, CITY OF VINELAND, MICHAEL RUSSELL, individually and in his official capacity, EUGENE KELLEY, individually and in his official capacity, SIDNEY GIDDONS, individually and in his official capacity, RICHARD COTTO, individually and in his official capacity, MATTHEW TERRES, individually and in his official capacity, SHERMAN JONES, individually and in his official capacity, CHRISTIAN MORALES, individually and in his official capacity, KENNETH FARMER, individually and in his official capacity<br><br>                    Defendants. | : : : : : : : : : : : : : : : : : : : : : : : : : : : | Civil Action No.<br>1:20-cv-14678-RMB-KMW<br><br><br><br>Civil Action<br><br><br>**AMENDED COMPLAINT** |

Plaintiff, Lourenzo Witt, residing in the City of Vineland, County of Cumberland, and State of New Jersey, by way of an Amended Complaint against the defendants says:

## INTRODUCTION

Plaintiff, Lourenzo Witt, brings this suit against the defendants for compensation for personal injuries other damages arising out of the defendant's violation of his civil rights

afforded under the United States Constitution, the New Jersey Civil Rights Act and State law.

On March 6, 2019, Lourenzo Witt was arrested and detained at a local convenience store by members of the Vineland Police Department based on a warrant for a previous minor offense. Defendant Vineland Police Officers Morales and Farmer transported Witt to the Cumberland County Jail. Witt had previously made multiple complaints to the Vineland Police Department's Internal Affairs Unit regarding use of excessive force connected to prior contacts with Vineland Police Officers. Witt was secured with both handcuffs and leg shackles. Once Witt was inside a secured area within the Jail, Cumberland County Correction Officers Terres, Jones, Cotto, Giddons, Kelley, and Russell met Vineland officers Morales and Farmer for the transfer of custody. While Farmer was removing Witt's leg shackles, Witt was placed against a concrete wall with all eight (8) officers surrounding him. Lieutenant Russell was agitated and began threatening Witt with "severe" consequences despite Witt's compliance. Witt presented no danger to officers given his compliance, presented no risk of flight given his location in a secure area, and there was no need to restore or maintain discipline given that there were no other detainees or inmates in the secured area.

Witt was instructed to place his hand on his head as Farmer removed his left handcuff. After complying and placing his hand on his head as instructed, County Officer Terres pepper sprayed Witt in his eyes. Russell and Cotto then threw Witt to the floor. After he was slammed to the floor, lying face down in the prone position, Russell threw his knee into Witt's back, as Officers Cotto, Terres, and Giddons held him down. Giddons held Witt's face to the floor using force on the back of his neck, while Terres viciously punched Witt in the face and body multiple times. Russell stomped on Witt's face with his combat style boot, then put his boot of Witt's head and punched him in the face, as he remained held down by multiple officers. Witt screamed as the correctional officers beat him until he bled from his face. After the beating finally ceased, while Witt lay prone and bleeding on the floor, Cotto pushed Witt's bleeding face into the concrete floor as Witt yelled "I can't breathe." Correction Officer Kelley and Vineland Police Officers Morales and Farmer watched the beating from only a few feet away and made no attempt whatsoever to intervene.  Witt suffered a fractured orbital bone and other serious permanent injuries. The events as described above were captured, in part, by surveillance video.

## PARTIES

1. Plaintiff, Lourenzo Witt, is and was at all times a resident of Cumberland County and the State of New Jersey.

2. Defendant, Cumberland County, is a county government and political subdivision of the State of New Jersey, which owns, operates, manages, directs and controls the Cumberland County Department of Corrections, a department within the County that operates the Cumberland County Jail. The Defendant County employed the correctional officer defendants.

3. Defendant, Michael Russell, was at all times relevant to this action, a lieutenant at the Cumberland County Jail and employed by the County. Upon information and belief, Defendant Russell was a previous professional boxer and is a resident of the State of New Jersey, County of Cumberland.

4. Defendant, Eugene Kelley, was at all times relevant to this action, a sergeant at the Cumberland County Jail and employed by the County. Upon information and belief, Defendant is a resident of the State of New Jersey, County of Cumberland.

5. Defendant, Sidney Giddons, was at all times relevant to this action, a correction officer at the Cumberland County Jail and employed by the County. Upon information and belief, Defendant is a resident of the State of New Jersey, County of Cumberland.

6. Defendant, Richard Cotto, was at all times relevant to this action, a correction officer at the Cumberland County Jail and employed by the County. Upon information and belief, Defendant is a resident of the State of New Jersey, County of Cumberland.

7. Defendant, Sherman Jones, was at all times relevant to this action, a correction officer at the Cumberland County Jail and employed by the County. Upon information and belief, Defendant is a resident of the State of New Jersey, County of Cumberland.

8. Defendant, Matthew Terres, was at all times relevant to this action, a correction officer at the Cumberland County Jail and employed by the County. Upon information and belief, Defendant is a resident of the State of New Jersey, County of Cumberland.

9. Defendant, City of Vineland, is a municipality chartered by the State of New Jersey and is a political subdivision of the State of New Jersey, and among its other functions operates and maintains a law enforcement agency known as the Vineland Police Department.

10. Defendant, Christian Morales, was at all times relevant to this action, a police officer of the Vineland Police Department and employed by the City of Vineland. Upon information and belief, Defendant is a resident of the State of New Jersey, County of Cumberland.

11. Defendant, Kenneth Farmer, was at all times relevant to this action, a police officer of the Vineland Police Department and employed by the City of Vineland. Upon information and belief, Defendant is a resident of the State of New Jersey, County of Cumberland.

## **FACTS**

12. On March 6, 2019, the Plaintiff was arrested and detained by members of the Vineland Police Department.

13. Defendant Vineland Police Officers Morales and Farmer transported Plaintiff to the Cumberland County Jail, in Bridgeton, New Jersey

14. Defendants Morales and Farmer had Plaintiff restrained with both leg and hand restraints when they entered a secured area of the Cumberland County Jail. Each Vineland Police Officer was present and failed to intervene to prevent, abate or remedy the obvious unlawful conduct and use of excessive force by Cumberland County correction officers more particularly described below.

15. Prior to Plaintiff's arrest on the above date, Plaintiff had been previously arrested and detained by Vineland Police Officers and was the victim of excessive force. Plaintiff made Internal Affairs (I.A.) complaints to the Vineland Police Department, none of which were adequately investigated.

16. Defendants Terres, Jones, Cotto, Giddons, Kelley, and Russell, were working as correction officers on the above date and met Defendants Morales and Farmer inside the jail to take custody of Plaintiff and complete the process of transfer. The events were captured and memorialized in surveillance video maintained by Defendant Cumberland County.

17. While in custody within a completely secured area of the jail Plaintiff was placed with his back against a cement wall with Defendant Jones on his left side and Defendant Cotto on his right side, while Defendant Farmer addressed the removal process of Witt's leg restraints.

18. As Plaintiff stood against the cement wall, in total compliance, a total of six (6) County correction officers and two (2) Vineland police officers surrounded him, all of whom had protective gear and equipment.

19. Prior to Defendant Farmer removing Plaintiff's hand restraints, Defendant Russell, the highest-ranking correction officer in the confined location, yelled at Plaintiff "if you don't comply you will be dealt with severely."

20. Defendant Russell was threatening, agitated and unduly aggressive. He repeated to Plaintiff that he would deal with him "severely," despite Plaintiff remaining with his back against the wall in complete compliance with all instructions and without threat of harm, to anyone present.

21. Defendant Terres positioned himself directly in front of Plaintiff with a chemical spray device in his left hand as Defendant Farmer continued to remove the leg shackles.

22. Defendant Russell instructed Plaintiff to place his hand on top of his head.

23. Plaintiff reasonably inquired of Russell for clarification by asking which hand he should put on top of his head so as to be in further complete compliance. Defendant Russell responded, "whichever comes out first."

24. Plaintiff was in the process of fully cooperating as Defendant Farmer partially removed his shackles and handcuffs, remaining stationary against the wall with the eight (8) previously named officers surrounding him.

25. As Plaintiff's left hand was released from the handcuffs, he promptly positioned it in a non-threatening manner and placed it on top of his head, with his palm grasping his head.

26. Despite Plaintiff obeying by immediately placing his left hand on his head in full compliance with Russell's command, without provocation, Defendant Terres pushed past Officer Farmer and deployed oleoresin capsicum (pepper spray) into Plaintiff's face. Terres deployed the pepper spray six (6) inches from Plaintiff's face and eyes, directly into his eyes causing severe harm and injury.

27. Without provocation, or any reasonable objective basis, Defendant Russell then rushed to Plaintiff, grabbing Plaintiff with both hands behind Plaintiff's neck, throwing him to the floor with the assistance of Defendant Cotto.

28. Despite the unprovoked attacks, Plaintiff maintained his left hand on his head in full compliance, with his right hand covering his face from the pepper spray Terres had deployed.

29. Plaintiff landed face down on the floor in the prone position.

30. Defendant Russell threw his knee down into Plaintiff's back yelling "What did I tell you?" as Plaintiff screamed in pain.

31. No command was given for Plaintiff to move to the floor until after the County Defendants initiated the unprovoked attack against him.

32. Defendants Cotto, Terres, Russell, and Giddons, each of whom substantially outweighed Plaintiff, pinned Plaintiff to the ground, with Cotto pulling Plaintiff's right arm out straight from his body.

33. County Correction Officer Defendants threw Plaintiff down close to the wall he had been standing against, making it physically impossible for Plaintiff to straighten his legs. Plaintiff's proximity to the wall prevented him from doing so. Despite the physical obstruction, Defendants struggled to force Plaintiff's legs to straighten.

34. While Plaintiff lay prone and screaming in pain on the floor, Defendant Terres, without any objectively reasonable basis to restrain or maintain discipline, punched Plaintiff with a closed fist at least four (4) times in the face and body.

35. While Plaintiff lay prone and screaming in agonizing pain on the floor, Defendant Russell then climbed off of Plaintiff's back, positioned himself over his face, and stomped on Plaintiff's face with his combat style boot causing injury and harm.

36. While Plaintiff lay prone and screaming in pain on the floor, Defendant Russell then placed his left combat style boot on Plaintiff's head, leaned down and punched Plaintiff directly in the face causing injury and harm.

37. Upon information and belief, Defendant Russell was a trained professional boxer.

38. While Plaintiff lay prone and screaming in pain on the floor, Defendant Giddons held Plaintiff's face to the floor by holding his neck, allowing both Defendants Terres and Russell to punch Plaintiff in the face and body.

39. As Plaintiff lay on the floor bleeding from his face, with Defendants Giddens, Cotto and Terres still on top of him, Defendant Russell told the officers to once again "cuff him."

40. As Plaintiff lay bleeding on the floor, Defendant Russell yelled at Plaintiff "I told you I wasn't playing with you."

41. After Plaintiff was cuffed and still prone on the floor, Defendant Cotto pushed Plaintiff's bleeding face back into the concrete floor without any provocation or cause, as there was no good faith belief or objective basis to restore or maintain discipline.

42. Plaintiff told Cotto "I can't breathe," to which Cotto responded to "You can breathe" while still holding his bleeding face down on the concrete floor.

43. Throughout the entirety of the brutal, unconstitutional and objectively unreasonable use of excessive force by unprovoked attack, City of Vineland Officers Defendants Christian Morales and Kenneth Farmer and Cumberland County Corrections Officer Defendant Sergeant Eugene Kelley stood by and watched the unconstitutional beating and physical assault take place but took no action to intervene. Defendants had adequate time to intervene and their failure to act or to intervene prolonged the attack, contributing to plaintiff's injuries.

44. At all times relevant to this matter, Plaintiff did not pose a physical threat and was not resisting, nor did Plaintiff pose any threat to the safety of any officers or others or attempt to evade.

45. Plaintiff required medical care and the expenditure of medical services/bills in excess of $1,000.00 after the attack, suffered serious permanent injuries resulting in a functional permanent impairment as a result of the defendant's actions.

46. Plaintiff had previously complained on multiple occasions about the use of excessive force by both Cumberland County Corrections Officers and Vineland Police Officers. Plaintiff made complaints to the I.A. units of both the County Department of Corrections and the City of Vineland Police Department.

47. Plaintiff's I.A. complaints regarding the use of excessive force and violation of his constitutional rights were never adequately investigated by Cumberland County or the City of Vineland. The County and City had/have a pattern and practice of failing to adequately investigate complaints of excess use of force similar to those made by the plaintiff regarding the subject assault referenced herein and previous incidences of excessive use of force made by the plaintiff and other inmates/detainees.

48. Plaintiff himself, and other persons similarly situated, have been the subject of excessive force by Cumberland County Correction officers on numerous prior occasions. By way of example, but not limitation of prior instances of the excessive use of force and failure to adequate investigate, train, supervise or discipline, as well as a custom, policy and pattern of conduct of the Defendant County and City of Vineland, which deprived Plaintiff, and others similarly situated, of their constitutional rights, proximately resulting in serious permanent injuries, plaintiff states:

   a. While incarcerated in the Cumberland County Jail prior to the underlying incident, Plaintiff was intentionally thrown down a flight of steps and punched in the face by County Correction Officers.

b. Plaintiff was previously threatened with physical violence by County Correction Officers and told he would be placed/transferred to a cellblock occupied by specific gang members, where he would be the victim of gang violence if he did not obey commands.

c. While incarcerated in the Cumberland County Jail, Plaintiff witnessed Cumberland County Correction Officers assault another inmate, James Reid, who suffered similar permanent injuries as those sustained by Witt and was the subject of prior Federal litigation in the matter of Reid v. Cumberland County, with Reid alleging Eighth Amendment, 42 U.S.C. 1983, 1985 and New Jersey Civil Rights and Monell claims.

d. Plaintiff was previously threatened with harm by co-defendant Cotto, who violated jail procedure/protocol by entering a controlled unit alone in order to confront Plaintiff.

e. Plaintiff was detained and previously assaulted by Vineland Police prior to the date of the underlying incident, which was the subject of prior I.A. complaints that were not adequately investigated.

49. Despite Plaintiff's complaints and the complaints and claims by others similarly situated to Plaintiff regarding the use of excessive force, Cumberland County and the City of Vineland failed to discipline officers who took part in unlawful conduct and allowed them to continue working and continue in their use of excessive force.

50. Defendant Cumberland County has acquiesced in the widespread unlawful custom and practice of maintaining policies and customs that allow the use of excess force and officers that engage in excessive force to remain employed by failing to have an adequate early warning system; failing to maintain an adequate policy regarding the preparation of use of force reports, failing to maintain training logs showing attendance at mandated training sessions, failed to meet State mandate timelines to complete use of force training, threatening supervisory personnel and labeling them as "trouble makers" or a "pain in the ass" when they attempt to "do the right thing" in reporting excessive force or following up on required discipline or training.

51. Defendant Cumberland County has had numerous I.A. complaints and claims resulting in litigation amounting to actual and constructive notice of the repeated constitutional violations and use of excessive force by its law enforcement personnel but has failed to act, which

establishes a policy, custom and practice or causal link/plausible nexus between the injuries sustained by the plaintiff and constitutional violations visited upon him. By way of further example but not limitation, the defendant County had/has notice of nearly identical facts and claims relative to Plaintiff's claim, having been named as a defendant in the matter of Alan Ewing v. Cumberland County, et al. (2015), where the plaintiff was arrested for a minor charge, excessive force was used causing an, orbital fracture as here, and the plaintiff asserted a Monell claim and claims against individual correction officers

52. As a direct and proximate cause of Defendants' actions, Plaintiff suffered serious personal injury, emotional distress and other damages.

## COUNT I
**FEDERAL CONSTITUTIONAL VIOLATIONS AGAINST DEFENDANTS TERRES, JONES, COTTO, GIDDENS, KELLEY, AND RUSSELL**

53. Plaintiff repeats and incorporates the proceeding paragraphs as if set forth in their entirety.

54. Defendants committed the above described actions, and failures to act under color of State law and by virtue of their authority as correction officers employed by Cumberland County and substantially deprived Plaintiff of his clearly established rights, privileges, and immunities guaranteed to him as a citizen of the United States in violation of 42 U.S.C. § 1983, and deprived Plaintiff of his rights guaranteed to him under the Fourth, Fifth, Eighth and Fourteenth Amendments of the United States Constitution.

55. Defendants' use of force against Plaintiff, as set forth more fully above, was not objectively reasonable. Force that was utilized and the subject of video surveillance was excessive in that:

    i.  There was no need for its application.

    ii.  There was no objectively reasonable correlation between the need for force and that which was utilized.

    iii.  The injury inflicted upon the plaintiff was severe, malicious and sadistic.

    iv.  There was no threat to safety of staff, other inmates or anyone reasonably perceived.

    v.  There were no efforts made to temper the severity or force applied.

56. Defendants knew that Plaintiff was detained for a minor offense at the time that the excessive force was exercised. At the time of the use of excessive force, Plaintiff was inside the jail, complying with commands while surrounded by eight (8) law enforcement officers, with no

possibility that he could have had a weapon in his possession. Immediately prior to being maced and beaten, Plaintiff had one hand on his head and one in the air. His hands remained in this state as Defendants Russell and Cotto dragged him to the floor before Defendants continued to beat him. Plaintiff posed no imminent threat to the safety of the Defendants or others in the vicinity and was complying with commands. Defendant Correction Officers had a lawful duty to intervene in the face of unconstitutional conduct. Defendant Correction Officers failed to intervene to protect Plaintiff from the unlawful use of excessive force against him by other Correctional Officer Defendants. Defendant Correctional Officers had the means and opportunity to intervene and failed to do so.

57. As a direct and proximate result of the acts and omissions of the Defendants, Plaintiff's aforesaid constitutional rights were violated and Plaintiff was injured and sustained substantial injuries, including but not limited to permanent physical injuries, emotional distress, and other damages.

## <u>COUNT II</u>
### STATE CONSTITUTIONAL VIOLATIONS AGAINST DEFENDANTS TERRES, JONES, COTTO, GIDDONS, KELLEY AND RUSSELL

58. Plaintiff repeats and incorporates the proceeding paragraphs as if set forth in their entirety.

59. Defendants committed the above described actions and failures to act under color of state law and by virtue of their authority as correction officers employed by Cumberland County, and substantially deprived Plaintiff of his clearly established rights, privileges, and immunities, guaranteed to him as a citizen, in violation of the New Jersey Civil Rights Act, the New Jersey State Constitution, and the United States Constitution.

60. Defendants' use of force against Plaintiff, as set forth more fully above, was not objectively reasonable. Defendants knew that Plaintiff was detained for a minor offense at the time that the excessive force was exercised. At the time of the use of excessive force, Plaintiff was inside the jail, complying with commands while surrounded by eight (8) law enforcement officers, with no possibility that he could have had a weapon in his possession. Immediately prior to being maced and beaten, Plaintiff had one hand on his head and one in the air. His hands remained in this state as Defendants Russell and Cotto dragged him to the ground before Defendants continued to beat him. Plaintiff posed no imminent threat to the safety of the Defendants or others in the vicinity and was complying with commands.

61. Defendant Correction Officers had a lawful duty intervene in the face of unconstitutional conduct. Defendant Correction Officers failed to intervene to protect Plaintiff from the unlawful use of excessive force against him by other Correctional Officer Defendants. Defendant Correctional Officers had the means and opportunity to intervene and failed to do so.

62. As a direct and proximate result of the acts and omissions of the Defendants, Plaintiff's constitutional rights were violated and Plaintiff was injured and sustained substantial injuries, including but not limited to permanent physical injuries, emotional distress, and other damages.

## **COUNT III**
### FEDERAL CONSTITUTIONAL VIOLATIONS AGAINST DEFENDANTS MORALES AND FARMER

63. Plaintiff repeats and incorporates the proceeding paragraphs as if set forth in their entirety.

64. Defendants Morales and Farmer committed the above described actions as it relates to their failure to act or intervene under color of law and by virtue of their authority as law enforcement officers for the City of Vineland and substantially deprived Plaintiff of his clearly established rights, privileges, and immunities, guaranteed to him as a citizen of the United States in violation of 42 U.S.C. § 1983, and deprived Plaintiff of his rights guaranteed to him under the Fourth, Eighth, and Fourteenth Amendments of the United States Constitution.

65. Defendants Morales and Farmer had a duty as sworn law enforcement officers to intervene in the face and presence of unconstitutional conduct.

66. Defendants Morales and Farmer watched Plaintiff become the victim of excessive force in violation of his constitutional rights and took no action to stop or abate the constitutional violation.

67. Both Defendants had the means and opportunity to intervene and failed to do so.

68. As a direct and proximate result of the acts and omissions of the Defendants, Plaintiff's constitutional rights were violated and Plaintiff was injured and sustained substantial injuries, including but not limited to permanent physical injuries, emotional distress, and other damages.

## COUNT IV
### STATE CONSTITUTIONAL VIOLATIONS AGAINST DEFENDANTS MORALES AND FORMER

69. Plaintiff repeats and incorporates the proceeding paragraphs as if set forth in their entirety.

70. Defendants Morales and Farmer committed the above described actions as it relates to their failure to act under color of state law and by virtue of their authority as law enforcement officers employed by the City of Vineland, and substantially deprived Plaintiff of his clearly established rights, privileges, and immunities, guaranteed to him as a citizen, in violation of the New Jersey Civil Rights Act, the New Jersey State Constitution, and the United States Constitution.

71. Defendants Morales and Farmer had a duty of law enforcement officers to intervene in the face of unconstitutional conduct.

72. Defendants Morales and Farmer watched Plaintiff become the victim of excessive force and took no action to stop or abate the constitutional violation.

73. Both Defendants had the means and opportunity to intervene and failed to do so.

74. As a direct and proximate result of the acts and omissions of the Defendants, Plaintiff's constitutional rights were violated and Plaintiff was injured and sustained severe injuries, including but not limited to permanent physical injuries, emotional distress, and other damages.

## COUNT V
### FEDERAL CONSTITUTIONAL VIOLATIONS AGAINST CUMBERLAND COUNTY
### (Monell)

75. Plaintiff repeats and incorporates the proceeding paragraphs as if set forth in their entirety.

76. Defendant Cumberland County is under a duty to maintain and supervise the Cumberland County Department of Corrections and to ensure that the Department of Corrections is operated in a lawful manner preserving the rights, privileges, and immunities of detainees and inmates as guaranteed by the Constitutions of both the United States of America and the State of New Jersey. Liability under 42 U.S.C. 1983 is imposed upon Defendant County since it had/has customs and policies which manifest a deliberate indifference to the violation of constitutional rights.

77. Defendant Cumberland County permitted, encouraged, tolerated, and knowingly acquiesced to an official pattern, practice, and/or custom of its correction officers violating the constitutional rights of detainees and inmates, including the Plaintiff. In particular, Cumberland County had actual knowledge that its correction officers and the individual defendants had a propensity to deprive inmates and detainees of their constitutional rights and failed to take proper action to protect them from the correction officer defendants.

78. The actions of Defendants were unjustified, unreasonable, unconstitutional, and deprived Plaintiff of his constitutional rights in violation of the Fourth, Fifth, Eighth, and Fourteenth Amendments to the United States Constitution as enforced through 42 USC 1983.

79. Defendant Cumberland County is directly liable for Plaintiff's damages due to the facts as alleged and following policy, customs and practices or decisions formally adopted and promulgated by the government rule-makers which were in effect at the time of this incident and which were the underlying and/or proximate cause of Plaintiff's injuries, in particular:

   a. Cumberland County and the Cumberland County Department of Corrections have formally adopted policies and standard operating procedures designed to prevent formal complaints of excessive force and failure to intervene from being filed and favoring the statements of a corrections officers over the statements of an inmate or a detainee, resulting in the unfounded exoneration of corrections officers for unconstitutional behavior, creating an atmosphere where unconstitutional behavior of corrections officers is tolerated, condoned, and ratified by the Cumberland County Department of Corrections, thus creating an atmosphere of illegal and unconstitutional behavior and with deliberate indifference and reckless disregard of the welfare of inmates and detainees, including Plaintiff.

   b. Cumberland County and the Cumberland County Department of Corrections have formally adopted a policy of allowing corrections officers to use illegal and excessive force and to ignore violations of the constitution by other officers, thus creating an atmosphere where unconstitutional behavior of corrections officers is tolerated, condoned, and ratified by the Cumberland County Corrections Department, and further creating an atmosphere of illegal and unconstitutional behavior and with deliberate indifference and reckless disregard of the welfare of inmates and detainees, including Plaintiff.

80. Defendant Cumberland County is directly liable for the Plaintiff's damages due to the following policies, practices, or customs of the Cumberland County Department of Corrections, which were in effect at the time of this incident and which were the underlying cause of the Plaintiffs' injuries:

    a. Cumberland County and the Cumberland County Department of Corrections have a permanent and well-settled practice or custom of allowing corrections officers, including the individually named County defendants, to employ excessive force and to fail to intervene, creating an atmosphere of illegal and unconstitutional behavior in deliberate indifference and reckless disregard for the welfare of inmates and detainees, including Plaintiff;

    b. Cumberland County and the Cumberland County Department of Corrections have a permanent and well-settled practice or custom of allowing corrections officers, including the individually named defendants, to employ excessive force and to fail to intervene, without fear of discipline, creating an atmosphere of illegal and unconstitutional behavior in deliberate indifference and reckless disregard for the welfare of inmates and detainees, including Plaintiff;

    c. Cumberland County and the Cumberland County Department of Corrections have a permanent and well-settled practice or custom of exonerating rogue corrections officers, by refusing to investigate complaints, interfering with reports of excessive force made by supervisory personnel, and by exercising undue influence over potential complainants not to file formal complaints or discourage witnesses to testify, creating an atmosphere of illegal and unconstitutional behavior in deliberate indifference and reckless disregard for the welfare of inmates and detainees, including Plaintiff;

    d. Cumberland County and the Cumberland County Department of Corrections have a permanent and well-settled practice or custom of refusing to adequately respond to and investigate complaints regarding officer's use of excessive force and failure to intervene, to maintain training logs, use of force reporting procedures and creating an atmosphere of illegal and unconstitutional behavior in deliberate indifference and reckless disregard for the welfare of inmates and detainees, including Plaintiff;

81. Defendant Cumberland County is directly liable for the Plaintiff's damages due to the following policies or customs of inadequate training, supervision, discipline, screening, or hiring, which were in effect at the time of this incident and which were an underlying cause of the Plaintiffs' injuries:

    a. Cumberland County and the Cumberland County Corrections Department failed to adequately train and supervise corrections officers, including defendants, regarding proper use of force and the need to intervene during the use of excessive force or other unconstitutional behavior, and such failure to train had the obvious consequence of leading to constitutional violations in deliberate indifference and reckless disregard of the welfare of inmates and detainees at large, including Plaintiff;

    b. Cumberland County and the Cumberland County Corrections Department failed to adequately monitor and evaluate the performance of its officers, including defendants, and their compliance with the laws and policies, practices and customs with respect to the use of physical force and the need to intervene during the use of excessive force and the need to intervene during the use of force or other unconstitutional behavior, and such failure to train had the obvious consequence of creating an atmosphere of illegal and unconstitutional behavior in deliberate indifference and reckless disregard for the welfare of inmates and detainees, including Plaintiff;

    c. Cumberland County and the Cumberland County  Corrections Department repeatedly and knowingly failed to properly discipline its officers, including defendants,  with respect to violations of the law of the State of New Jersey, the Constitution of the United States, and its own policies on use of force and failure to intervene, creating a pattern, policy, practice, custom or atmosphere where such illegal and unconstitutional behavior is tolerated, condoned, and accepted by the Cumberland County  Corrections Department in deliberate indifference to and reckless disregard of inmates and detainees, including the Plaintiff;

    d. Cumberland County and the Cumberland County Corrections Department allow its officers to engage in conduct that violates the constitutional rights of persons in custody, including Plaintiff, without fear of reprimand, discipline or termination, creating an atmosphere where such unconstitutional behavior is

ratified, tolerated, and condoned, in reckless disregard of and deliberate indifference to inmates and detainees including Plaintiff; and

e. Cumberland County and the Cumberland County Corrections Department knew that "a code of silence" existed between and among their officers whereby officers would not report misconduct of other officers to their superiors and failed to take steps necessary to break the unlawful "code of silence" which included, but is not limited to, properly supervising officers, properly investigating critical incidents, holding officers accountable for misconduct and failing to report misconduct, creating an atmosphere where officers violate the constitutional rights of the public at large in deliberate indifference to and in reckless disregard of the constitutional rights of the pubic, including the Plaintiffs.

82. Defendant Cumberland County is liable for the actions of the correction officer Defendants consistent with Monell v. Dept. of Soc. Ser. 436 U.S. 658 (1978) and as a result of their non-delegable duty to provide officers who comply with the constitutions and laws of the United States of America and the State of New Jersey.

83. As a direct and proximate result of the foregoing policies, practices, and customs of Cumberland County and the Cumberland County Corrections Department, the violation of the constitutional rights of inmates and detainees of the Cumberland County Department of Corrections were substantially certain to occur.

84. As a direct and proximate result of the foregoing policies, practices, and customs of Cumberland County and the Cumberland County Corrections Department, Plaintiff's constitutional rights were violated, and Plaintiff was injured and damaged.

## COUNT VI

### FEDERAL CONSTITUTIONAL VIOLATIONS AGAINST VINELAND (Monell)

85. Plaintiff repeats and incorporates the proceeding paragraphs as if set forth in their entirety.

86. Defendant Vineland is under a duty to maintain and supervise the Vineland Police Department and to ensure that the Department of is run in a lawful manner preserving the rights, privileges, and immunities of detainees and inmates as guaranteed by the Constitutions of both the United States of America and the State of New Jersey.

87. Defendant Vineland permitted, encouraged, tolerated, and knowingly acquiesced to an official pattern, practice, and/or custom of its officers violating the constitutional rights of

detainees and inmates, including the Plaintiff. In particular, Vineland had actual knowledge that defendants had a propensity to deprive inmates and detainees of their constitutional rights and failed to take proper action to protect them from the police officer defendants.

88. The actions of Defendants were unjustified, unreasonable, unconstitutional, and deprived Plaintiff of his constitutional rights in violation of the Fourth, Eighth, and Fourteenth Amendments to the United States Constitution as enforced through 42 U.S.C. 1983.

89. Defendant Vineland is directly liable for Plaintiff's damages due to policies adopted and promulgated by the Government rule-makers, which were in effect at the time of this incident and which were the underlying cause of Plaintiff's injuries and, in particular:

    a. Vineland and the Vineland Police Department have formally adopted policies and standard operating procedures designed to prevent formal complaints of excessive force from being filed and favoring the statements of officers over the statements of an inmate or detainee, resulting in the exoneration of officers for unconstitutional behavior, creating an atmosphere where unconstitutional behavior of officers is tolerated, condoned, and ratified by the Vineland Police Department, thus creating an atmosphere of illegal and unconstitutional behavior and with deliberate indifference and reckless disregard of the welfare of inmates and detainees, including Plaintiff.

    b. Vineland and the Vineland Police Department of have formally adopted a policy of allowing officers to use of illegal and excessive force and to ignore violations of the constitution by other officers, thus creating an atmosphere where unconstitutional behavior of officers is tolerated, condoned, and ratified by the Vineland  Department, and further creating an atmosphere of illegal and unconstitutional behavior and with deliberate indifference and reckless disregard of the welfare of inmates and detainees, including Plaintiff.

90. Defendant Vineland is directly liable for the Plaintiff's damages due to the following policies, practices, or customs of the Vineland Police Department, which were in effect at the time of this incident and which were the underlying cause of the Plaintiffs' injuries:

    a. Vineland and the Vineland Police Department of have a permanent and well-settled practice or custom of allowing officers, including the individually named defendants, to refuse and/or fail to intervene in the face of illegal conduct as more particularly described above, creating an atmosphere of illegal and

unconstitutional behavior in deliberate indifference and reckless disregard for the welfare of inmates and detainees, including Plaintiff;

b.  Vineland and the Vineland Police Department have a permanent and well-settled practice or custom of allowing officers, including the individually named defendants, to refuse to intervene, without fear of discipline, creating an atmosphere of illegal and unconstitutional behavior in deliberate indifference and reckless disregard for the welfare of inmates and detainees, including Plaintiff;

c.  Vineland and the Vineland Police Department have a permanent and well-settled practice or custom of exonerating rogue officers, by refusing to investigate complaints, and by convincing potential complainants not to file formal complaints, creating an atmosphere of illegal and unconstitutional behavior in deliberate indifference and reckless disregard for the welfare of inmates and detainees, including Plaintiff;

d.  Vineland and the Vineland Police Department of have a permanent and well-settled practice or custom of refusing to adequately respond to and investigate complaints regarding officer's use of excessive force or failure to intervene, creating an atmosphere of illegal and unconstitutional behavior in deliberate indifference and reckless disregard for the welfare of inmates and detainees, including Plaintiff;

91. Defendant Vineland is directly liable for the Plaintiff's damages due to the following policies or customs of inadequate training, supervision, discipline, screening, or hiring, which were in effect at the time of this incident and which were an underlying cause of the Plaintiff's injuries:

a.  Vineland and the Vineland Police Department failed to adequately train and supervise officers, including defendants, regarding proper use of force and the need to intervene during the use of excessive force or other unconstitutional behavior, and such failure to train had the obvious consequence of leading to constitutional violations in deliberate indifference and reckless disregard of the welfare of inmates and detainees at large, including Plaintiff;

b.  Vineland and the Vineland Police Department failed to adequately monitor and evaluate the performance of its officers, including defendants, and their compliance with the laws and policies, practices and customs with respect to the

use of physical force and the need to intervene during the use of excessive force and the need to intervene during the use of unlawful force or other unconstitutional behavior, and such failure to train had the obvious consequence of creating an atmosphere of illegal and unconstitutional behavior in deliberate indifference and reckless disregard for the welfare of inmates and detainees, including Plaintiff;

c.   Vineland and the Vineland  Police Department repeatedly and knowingly failed to properly discipline its officers, including defendants,  with respect to violations of the law of the State of New Jersey, the Constitution of the United States, and its own policies on use of force and failure to intervene, creating a pattern, policy, practice, custom or atmosphere where such illegal and unconstitutional behavior is tolerated, condoned, and accepted by the Vineland   Department in deliberate indifference to and reckless disregard of inmates and detainees, including the Plaintiff;

d.   Vineland and the Vineland  Police Department allowed its officers to engage in conduct that violates the constitutional rights of persons in custody, including Plaintiff, without fear of reprimand, discipline or termination, creating an atmosphere where such unconstitutional behavior is ratified, tolerated, and condoned, in reckless disregard of and deliberate indifference to inmates and detainees including Plaintiff; and

92. Defendant Vineland is liable for the actions of the officer Defendants pursuant to Monell v. Dept. of Soc. Serv. (1978) and violation of their non-delegable duty to provide officers who comply with the constitutions and laws of the United States of America and the State of New Jersey.

93. As a direct and proximate result of the foregoing policies, practices, and customs of Vineland and the Vineland  Police Department, the violation of the constitutional rights of inmates and detainees in custody of the Vineland Police Department which were substantially certain to occur.

94. As a direct and proximate result of the foregoing policies, practices, and customs of Vineland and the Vineland  Police Department, Plaintiff's constitutional rights were violated, and Plaintiff was injured and damaged.

## COUNT VII
### ASSAULT & BATTERY - TERRES, JONES, COTTO, GIDDONS

95. Plaintiff repeats and incorporates the proceeding paragraphs as if set forth in their entirety.

96. Defendants Terres, Jones, Cotto, Giddons, and Russell through the above-described conduct willfully committed an assault and battery against Plaintiff.

97. As a direct and proximate result of the acts and/or omissions of the Defendants and/or their deliberate/willful indifference, Plaintiff sustained substantial injuries, including but not limited to permanent physical injuries, requiring medical treatment at a cost in excess of $1,000.00, emotional distress, and other damages.

## COUNT VIII
### NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS - TERRES, JONES, COTTO, GIDDONS, KELLEY, MORALES, FARMER

98. Plaintiff repeats and incorporates the proceeding paragraphs as if set forth in their entirety.

99. The acts/omissions of Defendants Terres, Jones, Cotto, Giddons, Kelley, Morales, and Farmer through the above described conduct, constitutes negligent infliction of emotional distress against Plaintiff.

100. As a direct and proximate result of the acts and omissions of the Defendants, Plaintiff sustained substantial injuries, including but not limited to permanent physical injuries, emotional distress, and other damages.

## COUNT IX
### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS - TERRES, JONES, COTTO, GIDDONS, KELLEY, MORALES, FARMER

101. Plaintiff repeats and incorporates the proceeding paragraphs as if set forth in their entirety.

102. The conduct of the Defendants Terres, Jones, Cotto, Giddons, Kelley, Morales, and Farmer through the above-described conduct constitutes intentional infliction of emotional distress against Plaintiff.

103. As a direct and proximate result of the acts and omissions of the Defendants, Plaintiff sustained substantial injuries, including but not limited to, permanent physical injuries, emotional distress, and other damages.

## COUNT X
### STATE LAW CLAIMS AGAINST CUMBERLAND COUNTY

104. Plaintiff repeats and incorporates the proceeding paragraphs as if set forth in their entirety.

105. Defendant Cumberland County was at all times material the master and employer of the correctional officer defendants.

106. At all times material hereto, the correctional officer defendants were acting in the course and scope of their employment as the servants and agents of Defendant Cumberland County.

107. As set forth more fully above, Defendant Cumberland County negligently, intentionally, recklessly and with deliberate indifference failed to properly screen, hire, train, supervise, investigate and discipline the correctional officer defendants, resulting in the harm to Plaintiff.

108. Defendant Cumberland County is liable under the doctrine of respondeat superior for the negligent, intentional, malicious and indifferent and otherwise wrongful conduct of its employees, the correctional officer defendants.

109. Defendant Cumberland County is liable in its own right for their own negligent, indifferent, reckless, intentional and outrageous conduct.

110. As a direct and proximate result of the acts and omissions of the Defendant, Plaintiff sustained substantial injuries, including but not limited to permanent physical injuries, emotional distress, and other damages.

## COUNT XI
### STATE LAW CLAIMS AGAINST CITY OF VINELAND

111. Plaintiff repeats and incorporates the proceeding paragraphs as if set forth in their entirety.

112. Defendant City of Vineland was at all times material the master and employer of the correctional officer defendants.

113. At all times material hereto, the Vineland officer defendants were acting in the course and scope of their employment as the servants and agents of City of Vineland . As set forth more fully above, Defendant City of Vineland negligently, intentionally, recklessly and with deliberate indifference failed to properly screen, hire, train, supervise, investigate and discipline the police officer defendants, resulting in the harm to Plaintiff.

114. Defendant City of Vineland is liable under the doctrine of respondeat superior for the negligent, intentional, malicious and indifferent and otherwise wrongful conduct of its employees, the police officer defendants.

115. Defendant City of Vineland is liable in its own right for their own negligent, indifferent, reckless, intentional and outrageous conduct.

116. As a direct and proximate result of the acts and omissions of the Defendant, Plaintiff sustained substantial injuries, including but not limited to permanent physical injuries, emotional distress, and other damages.

<u>**COUNT XII**</u>
**PUNITIVE DAMAGES AGAINST ALL DEFENDANTS**

117. Plaintiff repeats and incorporates the proceeding paragraphs as if set forth in their entirety.

118. The actions and omissions of Defendants complained of herein were unlawful, egregious, conscience shocking, and unconstitutional, and performed maliciously, recklessly, fraudulently, intentionally, willfully, wantonly, in bad faith, and in such a manner to entitle the Plaintiff to a substantial award of punitive damages against defendants.

**WHEREFORE**, the plaintiff demands judgment against the defendants as to all counts sufficient to compensate him for his losses together with cost of suit, attorney fees, punitive damages and such other relief as is deemed equitable and just and permitted under the law.

**RICHARD M. PESCATORE**
*A Professional Corporation*

Dated: December 10, 2020             By: _____

RICHARD M. PESCATORE, ESQ.
*Attorney for Plaintiff*

## DEMAND FOR JURY TRIAL

The plaintiff demands a Trial by jury on all issues in accord with the Rules of this Court.

**RICHARD M. PESCATORE**
*A Professional Corporation*

Dated: December 10, 2020                    By: _____

RICHARD M. PESCATORE, ESQ.
*Attorney for Plaintiff*

## DESIGNATION OF TRIAL COUNSEL

**PLEASE BE NOTIFIED** that Richard M. Pescatore, Esquire, is hereby designated as trial counsel in the above-captioned litigation on behalf of the Plaintiff, Lourenzo Witt.

**RICHARD M. PESCATORE**
*A Professional Corporation*

Dated: December 10, 2020                    By: _____

RICHARD M. PESCATORE, ESQ.
*Attorney for Plaintiff*