LAW OFFICES

# RICHARD M. PESCATORE

*A PROFESSIONAL CORPORATION*
1055 EAST LANDIS AVENUE
VINELAND, NEW JERSEY 08360-4041
(856) 507-1000
FAX: (856) 507-1500

**RICHARD M. PESCATORE**
MEMBER OF NJ BAR - 021841985
CERTIFIED BY THE SUPREME COURT OF THE
STATE OF NEW JERSEY AS A CIVIL TRIAL ATTORNEY
**Email**: rpescatore@pescatorelegal.com

**JENNIFER M. CARLSON**
ASSOCIATE
MEMBER OF NJ AND PA BAR - 012712007
Email: jcarlson@pescatorelegal.com

**MARLTON OFFICES**
The Joseph Bucknell House
30 SOUTH MAPLE AVENUE
MARLTON, NEW JERSEY 08053

The William Hammitt House
2 NORTH MAPLE AVENUE
MARLTON, NEW JERSEY 08053

**ROBERT J. MALLOY**
OF COUNSEL

**May 24, 2022**

*VIA ELECTRONIC FILING*
Honorable Matthew J. Skahill, U.S.M.J.
United States District Court, Camden
Mitchell H. Cohen Building & U.S. Courthouse
4th and Cooper Street, Courtroom 3C
Camden, New Jersey 08101

Re:   LETTER IN SUPPORT FOR COMPELLING DEFENDANT TO PRODUCE DOCUMENTS

**Witt v. City of Vineland, et al**
**Case No. 1:20-cv-14678**

Dear Judge Skahill:

I write in reference to the above, the last management conference conducted and your text order of April 29, 2022. This matter was conferenced on January 14, 2022 and April 28, 2022, whereupon the Court heard argument concerning the Plaintiff's demand for responses to its request for production of documents (Exhibit A). The demands seek use of force reports, excessive use of force reports, Internal Affairs investigations, etc. In preparation of the last conference, I forwarded a clip of the underlying incident for the Court's review. I trust by now the Court has had an opportunity to review the clip which is highly relevant to the document requests.

While defense counsel was Court ordered to supply discovery prior to Plaintiff's submission of this letter, unfortunately, no documents have been received. Various representations regarding outstanding discovery and the overdue responses are outlined in Exhibit B.

Although I loathe using the term, Plaintiff is being stonewalled. There has been an acknowledgment that discovery is well overdue and owed but not supplied. There has been a Court order compelling the Defendant to supply documents on or before May 12, 2022. That has not

occurred. The documents I request are clearly relevant and I respectfully request the Court enter an order compelling the Defendant to supply fully responsive answers to all request for production of documents and supplemental interrogatories attached as <u>Exhibit</u> A. I do so for the following reasons:

1. On June 24, 2019, the Chief law enforcement authority for the County of Cumberland (County Prosecutor) specifically and expressly concluded that there was probably cause for charging the co-Defendant Russell with multiple crimes. Crimes that were committed in the presence of co-Defendant Vineland officers – Farmer and Morales, and shown on the video.

    After reviewing and in his best "professional judgment," the First Assistant Prosecutor concluded:

    > "…there is probable cause to proceed with filing criminal charges against Lieutenant Russell, specifically under 2C:21-4a, Fourth Degree, falsifying records; 2C:29-1, Fourth Degree, obstructing investigation of a crime; 2C:28-6(2), Fourth Degree, making false record, document purpose to mislead investigation; 2C:28-7a, Third Degree or Disorderly persons, unsworn falsification; 2C:12-1b(7), Third Degree, aggravated assault; and, 2C:12-1a, Disorderly persons, simple assault."

2. The attached selected portions of deposition testimony of officers Farmer and Morales support production of the documents in question. <u>See</u> <u>Exhibit</u> C.

3. Applicable policy is attached as <u>Exhibit</u> D. It is the custom and practice of the City of Vineland and its officers not to follow the policy.

4. Plaintiff's claims should be evaluated against the standard established by <u>Graham v. Conner</u>, 490 U.S. 386 (1989). <u>Graham</u> requires police officers' actions to be objectively reasonable in light of the facts and circumstances confronting them, without regard to the officers' underlying intent or motivation. <u>Id.</u> at 397. This is a fact sensitive issue, and the documents are highly relevant. Plaintiff also relies upon Judge Donio's opinion in <u>Reid v. Cumberland County</u>. I also rely upon <u>Ewing v. Cumberland County</u>, 152 F. Supp. 3d 269 (D.N.J. 2015). Courtesy copies are attached. Both cases are related to the issue, and this particular Court has previously ruled for the production of files, complaints, disciplinary reports, excessive force reports, use of force reports, and IA investigations just like what has been requested in the instant case. It is for the jury to decide whether or not the officers acted reasonably. The records requested relate directly to the custom, policy, and practice of the City of Vineland and its officers who looked the other way and failed to act.

Lastly, the documents requested are kept/maintained in the normal course. They are in most instances and police departments electronically stored. There is little if any burden in providing the documents.

Respectfully submitted,

*s/ Richard Pescatore*

**RICHARD M. PESCATORE**
RMP/ac
*Enclosures*

cc: William F. Cook, Esq. (Via Electronic Filing)